FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2016 JAN 27 PM 3:56

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JUWAN HALL, )
)
    Petitioner, )
)
v. ) CASE NOS. CV415-251
)           CR408-310
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 2), to which objections have been filed (Doc. 8). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2255 Petition is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner continues to argue that he is entitled to equitable tolling because he diligently inquired of his appellate counsel as to the status of his direct appeal and was misled as to whether that appeal was actually filed. (Doc. 8 at 3-4.) However, the record in this case tells a very different story. First, it would be exceedingly odd for Petitioner's appellate counsel to

inform him that an appeal was being filed on his behalf. When pleading guilty in his underlying criminal case, Petitioner agreed to a limited appeal waiver that only permitted an appeal if he received a sentence in excess of his guideline range. Due to a 15-year statutory maximum, Petitioner's guideline range was 168 to 180 months of imprisonment. Petitioner's 170 month sentence fell squarely within that range, meaning that Petitioner had effectively waived his right to appeal. In light of the waiver, the Court is dubious of Petitioner's claim that he was somehow misled into believing that an appeal was being filed on his behalf.

Second, Petitioner filed his petition 2,187 days too late. Even assuming his appellate counsel falsely stated he was filing an appeal, Petitioner still waited almost six years to file his current habeas petition. Such a lengthy delay cannot reasonably be considered the result of diligence on Petitioner's behalf. As a result, the facts of this case do not warrant equitable tolling with respect to Petitioner's request for habeas relief.

SO ORDERED this 27th day of January 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA